# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAKUSHA GOZO,[1] | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-18-3934 |
| CHESAPEAKE DETENTION FACILITY, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Under consideration is self-represented Plaintiff Makusha Gozo's (hereinafter Gozo or Plaintiff) Complaint filed pursuant to 42 U.S.C. §1983 and supplemented at the Court's direction. Plaintiff also requested to proceed in forma pauperis which will be granted. Accordingly, the Court must review the Complaint to ensure that the Plaintiff has stated a legally cognizable cause of action. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. §1915A(b)(1). In undertaking this review, this Court is mindful that Gozo proceeds pro se, and so the Court must construe the Complaint liberally. *See, e.g., Estelle v. Gamble,* 429 U.S. 97 (1976); *Erikson v. Pardus,* 551 U.S. 89, 94, 127 (2007). Even adopting this forgiving standard and for the following reasons, Plaintiff's Complaint must be dismissed.

### I. Background

Gozo is incarcerated at the Federal Correctional Institution Loretto (FCI Loretto), located in in Pennsylvania. On December 19, 2018, Gozo filed a thirty-one page Complaint against the named Defendants "Chesapeake Detention Facility, the *U.S. Marshal Service,* Wexford Healthcare,[2]

---

[1] Plaintiff is also listed in court records as Makushamari Gozo. *United States v. Gozo*, Criminal Action No. CCB-12-393 (D. Md. 2013); *United States v. Gozo*, Criminal Action No. CCB-02-390 (D. Md. 2004).
[2] The Clerk will revise the docket to show this Defendant's name is Wexford Health Sources, Inc.

Trinity Food Service, Kefee Commissary Service, O'Keefee, Nestle, Proctor and Gamble, Phone Service Provider of Record, American Correctional Association, all Pertinent Inspectors, all respective successors and assignees as their names may appear as defendants." ECF No. 3 at pp. 1, 7. The Complaint listed eight claims: 1) postal correspondence; 2) denial of access to the courts; 3) bank and tax fraud; 4) denial of medical care; 5) denial of diet; 6) unconstitutional confinement; 7) religious violations; and 8) municipalities and inspectors. Gozo asserts that Defendants have perpetrated "criminal torts," torts, and constitutional violations against him. As relief, Plaintiff requested restitution and damages exceeding $77 million, an audit by "one of the big four accounting firms," and a decrease in his sentence. ECF No. 1 at p. 30; ECF No. 5 at p. 4.

On January 4, 2019, this Court directed Gozo to supplement and clarify the Complaint to include the dates when the incidents allegedly occurred, the names of the individuals personally involved in the incidents, the dates when staff allegedly used physical force against him to confiscate his legal mail, what injury, if any, he sustained, and facts supporting the Defendants' purported confiscation of religious property. *Id*. On February 19, 2019, responded with a twenty-seven-page document titled "Motion to Comply with Court Order." ECF No. 5. The Court construes this filing as Gozo's supplement. Gozo names additional defendants Nike, Adidas Corporation, Maryland Commission on Correctional Standards, National Commission on Correctional Health, the Federal Quality Assurance Review, All Mail Room Staff, All Housing Unit Staff, Case Manager Anonye, Alicia King, Corporal Marsh, Corporal McCoy, Sergeant Pulley, and all Inmate Trust Fund Staff, and All Food Service staff. ECF No. 5. at 1. Gozo states that he cannot provide dates for the alleged incidents because "Defendants" denied him "confiscation forms" including grievance forms to file an Administrative Remedy Procedure

2

Request (ARP). ECF No. 1 at 2; ECF No. ECF No. 5 at 5-4. From Gozo's submissions, the Court discerns the following operative facts.

Plaintiff was a federal pre-trial detainee at the Chesapeake Detention Facility in Baltimore, Maryland from July 20, 2012 to January 9, 2014. ECF No. 5 at 4. Gozo was convicted by a jury of eighteen counts of filing false claims in violation of 18 U.S.C. § 287, and five counts of bank fraud, in violation of 18 U.S.C. § 1343, based on his filing false, fictitious and fraudulent tax forms for various Maryland corporate entities. Gozo was also convicted of filing false applications with Credit Unions. *See United States v. Gozo,* Criminal Action No. 12-393 (D. Md. 2013). On December 20, 2013, the Honorable Catherine C. Blake sentenced Gozo to 60 months' imprisonment on the false claims counts to run concurrently with each other and 132 months on the bank fraud counts, to run concurrently with the false claims counts. The United States Court of Appeals for the Fourth Circuit affirmed Gozo's conviction and sentence. *United States v. Gozo,* No. 14-4000 (4th Cir. June 17, 2015) (ECF No. 116, 119).

**II.   Analysis**

Gozo seeks relief pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) ). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir.

2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Against this statutory backdrop, the Court discusses Gozo's individual claims.

### A. Tort Claims

To the extent Gozo has alleged violations of common law torts, he cannot bring those claims pursuant to § 1983, as this provision covers only a right, privilege or immunity secured by the Constitution or federal law. These claims are more properly asserted in state Court. Accordingly, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3)(2018); *see also Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (court retains discretion to decline to exercise supplemental jurisdiction when claims for which the court has original jurisdiction are dismissed).

### B. Criminal Claims

Gozo discusses at length the Defendants' purported violations of criminal law. ECF No. 1 at pp. 13, 18, 19, 23, 27, 2 (citing violations of 18 U.S.C. §§ 2, 247, 371, 1692 1701, 1703, 1344). Gozo may not assert a cause of action based on such violations. Consequently, these claims, too, must be dismissed. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another).

### C. Parties not Subject to Suit under § 1983

Gozo names as Defendants certain entities and groups that are not subject to suit under §1983 because they are not persons acting under the color of state law. The Court addresses each in turn.

1. **Chesapeake Detention Facility (CDF)**

CDF is a building, not a "person." Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not "person[s]" subject to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Gottleib v. Baltimore Cty. Detention Ctr., et al.*, Civil Action No. RDB-16-51, 2016 WL 6072348, n.1 (D. Md. Oct. 13, 2016) (noting that Baltimore City Detention Center is a building and not a person amenable to suit under § 1983). Accordingly, the claims against CDF will be dismissed for failure to state a claim.

2. **Corporate Defendants**

Wexford Healthcare, Trinity Food Service, Kefee Commissary Service, O'Keefee, Nestle, Proctor and Gamble, Phone Service Provider of Record, American Correctional Association, Adidas, and Nike, are private corporations not state actors. A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is premised solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). Here, Plaintiff does not identify a specific action, policy or corporate practice that has deprived him of his constitutional rights. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Nor can the Court discern any reading from the facts of the Complaint which could transform the private entities into state actors. The claims against the corporate defendants must be dismissed.

### 3. "Staff" Defendants

Using the term "Staff" to name certain defendants does not adequately identify the persons whom Gozo alleges have violated his civil or constitutional rights, as required in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *Harris v. Baltimore City Detention Center*, Civil Action No. PWG-14-217, 2014 WL 994377 at * 1-2 (D. Md. March 13, 2014) (listing cases). "Staff" is far too vague and amorphous for the Court or Defendants to know which individuals may be held to account for any supposed wrongdoing. Thus, Defendants "All Housing Unit Staff," "All Inmate Trust Fund Staff," and "All Food Service Staff " are dismissed. Similarly, the claims against "Pertinent Inspectors, all respective successors and assignees as their names may appear as defendants" must be dismissed.

### D. Statute of Limitations

It is well-settled that the limitations period for § 1983 claims is determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49, (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. However, the determination of when the cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975) ). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)) *See* Md. Code, § 5-101 Cts. & Jud. Procs.

Gozo was detained at the Chesapeake Detention Facility from July 20, 2012 to January 9, 2014. Even if the Court assumes the alleged incidents occurred on his last day at CDF, January

9, 2014, Gozo waited until December 19, 2018 to file his Complaint, well beyond the applicable three-year statute of limitations. Thus, his claims must be dismissed as untimely.

Gozo attempts to save his claim concerning chronic pain treatment, contending that because it is a continuing violation, the cause of action is not time barred. ECF No. 5 at p. 13. However, it is undisputed that the alleged wrongdoing as to the named Defendants ended when Gozo left CDF. To the extent Gozo asserts medical mismanagement occurring at his present place of confinement, FCI Loretto, Gozo must file this claim in the Western District of Pennsylvania. The Court cannot determine whether transferring this claim would serve the interests of justice, and so the Court dismisses the claim without prejudice. Gozo may refile such claims in the proper Court. *See* 28 U.S.C. § 1406(a) (where venue is more properly in another district, the court may dismiss, or in the interest of justice, transfer the case to the district where it could have been brought).

### III. Conclusion

Based on the foregoing, Gozo's Complaint must be dismissed in its entirety. A separate Order follows.

　　　3/22/19　　　　　　　　　　　　　　　　　　　　/S/　　　　　　
Date　　　　　　　　　　　　　　　　　　　Paula Xinis
　　　　　　　　　　　　　　　　　　　　　United States District Judge